IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOYT MANNING HIBBARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0663 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

State inmate Hoyt Manning Hibbard filed this *pro se* section 2254 habeas petition challenging his conviction for injury to an elderly person. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed for failure to exhaust.

*Procedural Background*

Petitioner reports, and public state court records show, that he was convicted of causing serious bodily injury to his eighty-four year old mother on April 23, 2009, and sentenced to twenty-seven years imprisonment. The conviction was affirmed on appeal on May 26, 2010. *Hibbard v. State*, No. 09-09-00239-CR (Tex. App. – Beaumont 2010, no pet.). Petitioner did not seek discretionary review. The Texas Court of Criminal Appeals dismissed his application for state habeas relief on November 24, 2010, because his direct

appeal remained pending. *Ex parte Hibbard*, WR-74,989-01. Records for that court do not reflect that petitioner filed a subsequent application for state habeas relief.

*Analysis*

Under 28 U.S.C. § § 2254(b) (1) and (c), a federal habeas petitioner must exhaust all available state remedies before he may obtain federal habeas corpus relief. *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Exceptions exist only where there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B).

Petitioner did not seek discretionary review with the Texas Court of Criminal Appeals, and his application for state habeas relief was dismissed as prematurely filed. Consequently, petitioner has not presented the claims in the instant petition to the Texas Court of Criminal Appeals, and his federal habeas claims are unexhausted. Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.

*Conclusion*

The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on March 15, 2011.

_____
Gray H. Miller
United States District Judge